SHAFFER *v.* McMAKEN and Others.

The lien of proceedings in attachment, instituted before proceedings in bankruptcy, will bind.

*Friday,
January* 12,
1849.

APPEAL from the *Allen* Circuit Court.

PERKINS, J.—Assumpsit by *Solomon Shaffer* against *Hezekiah McMaken, Joseph G. McMaken,* and *William Henderson,* upon a promissory note. Plea, the general issue. The cause was thrice tried in the Circuit Court, and each time resulted in favor of the plaintiff. The verdict upon the last trial was for the defendants. A motion for a new and fourth trial was overruled, and final judgment was rendered in their favor. The following facts appear in evidence : On the 5th of *December,* 1842, a writ of foreign attachment issued in favor of said *Solomon Shaffer* against said *Hezekiah McMaken,* and was soon after laid upon two horses. On the 16th of *April,* 1843, the horses still being held under the attachment, said *Hezekiah,* with said *Joseph G. McMaken* and *William Henderson,* as sureties, executed to said *Shaffer* the note on which this suit was brought, it being given for the debt, for the collection of which the attachment was procured. The note was accepted as a settlement of the attachment suit, and upon an agreement to surrender to said *Hezekiah* the horses attached. They were so surrendered, and he placed them in the possession of said *Joseph* and *William,* his sureties on the note, and they enjoyed the use of them for a considerable length of time. On the 6th of *March,* 1843, said *Hezekiah McMaken* was declared a bankrupt, and *Robert E. Fleming* was appointed his assignee, and, as such, subsequently got possession of the horses. There was no evidence as to the time when said *Hezekiah* filed his petition in bankruptcy, and it need not necessarily have been more than twenty days anterior to the time of his being declared a bankrupt. The record contains all the evidence, and we have given the substance of it. We may add here that there is no proof that *Hezekiah* ever obtained a final discharge as a bankrupt. The Court

below instructed the jury that there was no consideration for the note in this suit, unless the attachment was a lien on the horses surrendered when it was given, and that the attachment was not a lien on them.

We are not called upon now to decide whether, supposing the attachment not to have been a lien upon the horses, there was a consideration for the note in suit; nor whether the bankrupt law, which says that the property of the bankrupt shall be divested from the decree in bankruptcy, means that it shall be divested from the time of filing the petition. There is no evidence in this case of the time of filing the petition. The attachment was more than twenty days earlier than the decree in bankruptcy, and, hence, may have been before the filing of the petition. If it was not so, the defendants should have shown it, as it devolved upon them to impeach the *prima facie* consideration imported by the note. Regarding it, then, as we must do, that the attachment was older than the proceeding in bankruptcy, it was a lien protected by the bankrupt law, and its release was a good consideration for the note. We are aware that Mr. Justice *Story*, in the Circuit Court of the *United States*, in *Massachusetts*, and Mr. Justice *Ware*, in the District Court of *Maine*, decided differently, but their decisions have been overruled by the Supreme Court of *Massachusetts* in *Devenport* v. *Tilton*, 10 Met. 320; and by the Supreme Court of *New Hampshire*, in the two cases of *Kittredge* v. *Warren* and *Kittredge* v. *Emmerson*, 1844, and by several of the inferior *United States* and state Courts. See 1 Kent 247, note (6 ed.). See also *Savage* v. *Best*. 3 How. U. S. 111. The weight of authority is decidedly in favor of the protection of the lien of the attachment, and it accords with our opinion of the right of the question.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*H. Cooper*, for the plaintiff.